Kennedy E. Watters, and Florence Watters, Plaintiffs-Appellants, v. Robert M. Schulz, d/b/a Metropolitan Screen Printing, Defendant-Appellee.

Gen. No. 46,797.

First District, First Division.
May 7, 1956.
Rehearing denied June 12, 1956.
Released for publication June 12, 1956.

Alphonse Cerza, of Chicago, for plaintiffs-appellants.

Morton E. Anderson, and Howard B. Bryant, both of Chicago, for defendant-appellee.

JUDGE BURKE delivered the opinion of the court.
On May 1, 1952, Kennedy E. Watters and Florence Watters, as lessors, and Robert M. Schulz, as lessee, signed and delivered a written lease for the store on the first floor of a two-story brick building at 5858 West Division Street, Chicago, to be occupied for "printing and for no other purpose whatever," for a term commencing May 1, 1952 and expiring April 30, 1954, at a rental of $3,000 payable in monthly installments of $125. On the face of the lease the lessee is shown as the "Metropolitan Screen Printing." On March 5, 1954, a judgment by confession for $1263.75, pursuant to a warrant of attorney in the lease, was entered in favor of the landlords and against Robert M. Schulz, doing business as Metropolitan Screen Printing. Defendant's amended and supplemental affidavit in support of his motion to open and vacate the judgment was allowed. The order provided that the defendant be given leave to appear and defend, that his petition stand as an affidavit of defense and that the judgment stand as security. A trial without a jury resulted in a finding and judgment for the defendant. Plaintiffs appeal.
Defendant argues that plaintiffs cannot prevail because the lease was a partnership obligation, pointing

out that the lessee named in the body of the lease is "Metropolitan Screen Printing" and that it is signed by defendant. The defendant executed the lease and the judgment is against him. The fact that in the body of the lease the lessee is identified by a trade name rather than his true name does not affect his liability. In Pine v. Wheeler, 4 Ill.App.2d 374, we held that a judgment was valid notwithstanding the payee was named in the note in a trade name.

██ The defendant says that the judgment in his favor should be affirmed because the business operated as the Metropolitan Screen Printing was a partnership with James A. Polcer and the defendant as the partners, and that the judgment was confessed only against the defendant. There is only one signature on the lease and the trade name does not disclose that it is a partnership. There was no evidence that the plaintiffs knew or were told of the alleged partnership. If the lease were a partnership obligation, that fact would not relieve the defendant from liability. The claims of the partners could be settled in a suit between the partners without the plaintiffs becoming involved therein. Section 15(b) of the Uniform Partnership Act, (Ch. 106½, Ill. Rev. Stat. 1955 [§ 15, subd. (b)]) provides that any partner may enter into a separate obligation to perform a partnership contract. Defendant urges that a judgment on an obligation of joint obligors cannot be confessed against one individual; that a judgment on a partnership obligation cannot be confessed against the individual partners; and that in the case of an obligation of an association no authority is given to confess a judgment against individuals. These contentions have no application to the facts of the instant case as it is not a judgment on a joint obligation, not a judgment on a partnership obligation and not the obligation of an association.

██ The defendant asserts that his amended affidavit shows a constructive eviction. He relies on a

notice from the Bureau of Fire Prevention of the Fire Department of the city dated February 18, 1953, to comply with an ordinance by discontinuing the use of the premises for storing and spraying flammable liquids, as "this building used for dwellings is not suitable for this occupancy" and that failure to comply at once will result "in such action as the law provides." The affidavit states that to avoid the penalty of the law and to comply with the directive of the Fire Department the partners moved from the premises on April 10, 1953. The affidavit further states that when the plaintiffs signed the lease with the partners they knew that the Municipal Code prohibited the use of the premises for the purpose designated in the lease "or they did not know it"; that if they knew of the prohibition "they are guilty of fraud which renders the contract voidable"; and that "if plaintiffs were not familiar with the prohibition of the Code there was a mutual mistake as to the facts."

It will be observed that the notice from the Fire Department did not tell the defendant to move from the premises. In the lease the defendant agreed to obey all laws and ordinances, that he would not use flammable liquids on the premises and that he would not use any chemicals with odors. There was testimony of a conversation between one of the plaintiffs and defendant wherein the plaintiff told defendant that he would have to move if he did not stop using the liquids that caused the odor and that defendant said he could not operate his business without the flammable liquids. In defendant's amended affidavit there is no claim that he moved at the direction of plaintiffs. He states that he moved because of a desire to avoid the penalty of the ordinance and to comply with the directive of the Fire Department. A reading of the transcript makes it clear that plaintiffs were insisting on compliance with provisions of the ordinance and the lease against

215

the storing and use in the premises of flammable liquids.

Defendant, calling attention to the provision of the lease that the premises were to be occupied for "printing and for no other purpose whatever," insists that because one of the necessary operations in screen printing is storing and spraying flammable liquids, he could not continue to occupy the premises after being ordered to discontinue the use of such liquids. The fact that in the body of the lease the lessee is described as the Metropolitan Screen Printing does not constitute notice to the plaintiffs that flammable liquids or chemicals with odors will be used in the operation. The lease provides that the premises are to be occupied for "printing and for no other purpose." The lessee further agrees in the lease that in the conduct of the business he will not use flammable liquids and that he will not use any chemicals with odors. The fact that plaintiffs went to the premises to see defendant's business in operation prior to the signing of the lease adds emphasis to these provisions. The Municipal Code does not prohibit the operation of a printing business on the premises. It prohibits the use of flammable liquids. The defendant could have continued the occupancy of the premises in compliance with the lease and the ordinances. No act of the landlords caused defendant to vacate the premises. There was no constructive eviction.

Defendant states that under the ordinance the premises could not be used for the purpose for which it was leased and that therefore the lease was illegal and a nullity. The lease is not illegal. It was not made in violation of a statute or an ordinance. It was not made for an illegal purpose. To support his position the defendant cites cases involving gambling establishments, houses of ill fame and acts prohibited by law. In the case at bar the ordinance does not prohibit a printing establishment on the premises. The defendant

216

agreed in the lease that he would observe all laws and that he would not use flammable liquids or any chemicals with an odor. Defendant also relies on cases presenting the doctrine of impossibility of performance due to the intervention of domestic legislation such as the prohibition laws. These cases do not have any application to the facts in the case at bar. There has been no change in the law. The ordinance invoked was adopted prior to the making of the lease.

■ The defendant had the right to use the premises in the conduct of a printing business. He moved when the Fire Department insisted on compliance with the ordinance against the use and storing of flammable liquids in a building occupied by other persons as a dwelling. All the parties to this action are presumed by the law to know the provisions of the fire ordinance. The defendant violated the fire ordinance and the provisions of the lease. Plaintiffs had a right to insist that defendant comply with the provisions of the lease and the requirements of the ordinance. For these reasons the judgment entered June 17, 1955, is reversed and the cause is remanded with directions to restore the original judgment.

Judgment reversed and cause remanded with directions.

FRIEND, P. J. and NIEMEYER, J., concur.